UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                                :
**LESTER JACOBS**,                                              :
                                                                :
                                      Plaintiff,                :
                                                                :   **MEMORANDUM DECISION**
                    – against –                                 :   **AND ORDER**
                                                                :
**ANDREW SAUL**, Commissioner of Social                         :   1:19-CV-03896 (AMD)
Security,                                                       :
                                                                :
                                      Defendant.                :
                                                                :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The plaintiff seeks review of the Social Security Commissioner's decision that he is not

disabled for the purpose of receiving benefits under Title II of the Social Security Act. For the

reasons that follow, I grant the plaintiff's motion for judgment on the pleadings, deny the

Commissioner's cross-motion, and remand the case for further proceedings.

## BACKGROUND

On March 1, 2016, the plaintiff, previously employed as a petition clerk, applied for

disability insurance benefits, alleging disability because of depression and anxiety, with an onset

date of September 29, 2015. (Tr. 57, 149-50, 175-76.) The plaintiff's claim was denied on July

7, 2016. (Tr. 69-80.)

Administrative Law Judge Sommattie Ramrup held a hearing on June 14, 2018, at which

a vocational expert and the plaintiff, represented by a lawyer, testified. (Tr. 24-56.) In a

September 18, 2018 decision, the ALJ denied the plaintiff's disability claim. (Tr. 11-23.) She

found that the plaintiff had the following severe impairments: "major depressive disorder and

generalized anxiety disorder with agoraphobia and a history of panic attacks," but that none of

these impairments met or equaled the applicable listings.[1]  (Tr. 13-15.)  The ALJ concluded that

the plaintiff had "the residual functional capacity to perform a full range of work at all exertional

levels, except that he is limited to simple, routine work and cannot perform a job with strictly-

enforced production quota or work in tandem with others.  He also cannot work at unprotected

heights or around moving mechanical parts."  (Tr. 15.)  Relying on the testimony of the

vocational expert, the ALJ found that the plaintiff could no longer work as a legal clerk, but

could do other jobs in the national economy.  (Tr. 17-19.)

The Appeals Council denied the plaintiff's request for review on July 1, 2019.  (Tr. 1-5.)

The plaintiff filed this action on July 5, 2019 (ECF No. 1), and both parties moved for judgment

on the pleadings (ECF Nos. 14, 16).

## STANDARD OF REVIEW

A district court reviewing a final decision of the Commissioner must determine "whether

the correct legal standards were applied and whether substantial evidence supports the decision."

*Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *as amended on reh'g in part*, 416 F.3d 101

(2d Cir. 2005).  The court must uphold the Commissioner's factual findings if there is substantial

evidence in the record to support them.  42 U.S.C. § 405(g).  "'[S]ubstantial evidence' is 'more

than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'"  *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The court must defer to the Commissioner's

factual findings when they are "supported by substantial evidence," but will not "simply defer[]"

"[w]here an error of law has been made that might have affected the disposition of the case."

*Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (internal citations and quotation marks

---

[1] The ALJ also determined that the plaintiff had non-severe impairments of benign paroxysmal vertigo, hypertension and diabetes mellitus.  (Tr. 13.)

omitted). Thus, "[e]ven if the Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

## DISCUSSION

The plaintiff claims that the ALJ did not correctly evaluate the opinions of the plaintiff's treating physicians. He also challenges the ALJ's analyses of the applicable listings, the plaintiff's residual functional capacity ("RFC") and the step five factors. Finally, he argues that the ALJ was not properly appointed. The defendant responds that the ALJ's decision was supported by substantial evidence, and that the plaintiff has waived the appointment challenge.

### I.    RFC Determination

Dr. Ravindra Amin, the plaintiff's first psychiatrist, treated the plaintiff for generalized anxiety disorder and major depression beginning in 2004. (Tr. 231.) In a May 17, 2016 medical source statement, he reported that the plaintiff's conditions took a "chronic recurrent disabling course," and that the plaintiff had suffered "severe debilitating symptoms for [the] past few months." (*Id.*) The plaintiff had "severe loss of interest in usual interests," was "profoundly withdrawn" from daily life and had "very poor energy, concentration" and "substantial psychomotor slowing." (Tr. 232.) According to Dr. Amin, the plaintiff was limited in the areas of understanding and memory, concentration and persistence, social interaction and adaptation; the plaintiff could not "complete simple tasks" in work-related situations, and his behavior was "severe[ly] withdrawn." (*Id.*)

When Dr. Amin retired in 2016, the plaintiff started seeing Dr. Beata Lewis. (Tr. 43, 275.) In a February 28, 2017 medical source statement, Dr. Lewis wrote that the plaintiff could not work full time because of his "major depressive" and "panic" disorders. (Tr. 275.) For at

least two years, the plaintiff had repeated episodes of decompensation, each of extended duration, and marginal adjustment. (Tr. 281.) According to Dr. Lewis, the plaintiff had "marked restriction of activities of daily living," "marked difficulties maintaining concentration, persistence or pace" and "maintaining social functioning," and "substantial loss of ability to . . . understand, carry out, and remember simple instructions." (Tr. 277-78.) He had some marked limitations in the areas of understanding and memory, concentration and persistence, social interactions and adaptation. (Tr. 278-280.) In Dr. Lewis' view, the plaintiff was likely to have "good days" and "bad days;" he would probably be absent from work more than three times a month and would be "off task" more than 41% of the time. (Tr. 281-82.) In a letter dated May 21, 2018, Dr. Lewis stated that there had not been any significant change or improvement in the plaintiff's condition since she assessed him in 2017. (Tr. 283.)

ALJ Ramrup gave little weight to these doctors' opinions, concluding instead that the plaintiff could perform work at all exertion levels, as long as he was limited to simple, routine work with no strictly-enforced production quota, and did not have to work "in tandem with others."[2] (Tr. 15-17.) This was error, as explained below.

The treating physician rule "requires that the opinion of a claimant's treating physician be accorded 'controlling weight' if it is well supported and not inconsistent with other substantial evidence in the record." *Corporan v. Comm'r of Soc. Sec.*, No. 12-CV-6704, 2015 WL 321832, at *4 (S.D.N.Y. Jan. 23, 2015) (quoting *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000)); *see also Gavazzi v. Berryhill*, 687 F. App'x 98, 100 (2d Cir. 2017) (summary order). If the ALJ decides that the treating physician's opinion does not merit controlling weight, she must "comprehensively set forth [her] reasons for the weight assigned to a treating physician's

---

[2] The ALJ also said that the plaintiff could not work at unprotected heights or around moving mechanical parts. (Tr. 15.)

opinion." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks and citation

omitted); *accord* 20 C.F.R. § 404.1527. The factors that the ALJ "must consider" include:

> (i) The frequency of examination and the length, nature and extent of the
> treatment relationship; (ii) the evidence in support of the treating physician's
> opinion; (iii) the consistency of the opinion with the record as a whole; (iv)
> whether the opinion is from a specialist; and (v) other factors brought to the
> Social Security Administration's attention that tend to support or contradict the
> opinion.

*Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); *accord* 20 C.F.R. § 404.1527. Failure to

provide "good reasons" for the weight assigned to a treating physician's opinion is a ground for

remand. *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999); *see also Fontanez v. Colvin*, No. 16-

CV-1300, 2017 WL 4334127, at *18 (E.D.N.Y. Sept. 28, 2017) (the ALJ's "failure to provide

'good reasons' for not crediting a treating source's opinion is ground for remand") (citations and

quotation marks omitted).

The ALJ concluded that Dr. Amin's opinion deserved "little weight" because the record

included only two sets of treatment notes, and those notes did not document "thought

abnormality or cognitive deficits;" the ALJ also found that Dr. Lewis' notes reflected an

improvement in the plaintiff's condition. (Tr. 16.) It was of course appropriate for the ALJ to

consider whether there was evidentiary support for Dr. Amin's opinion, but the ALJ did not

explain whether she considered the remaining factors, including the length and frequency of the

treatment relationship. *See Ellington*, 641 F. Supp. 2d at 330-31 (the ALJ committed legal error

because he "made no mention of important factors such as the length and the frequency of the

treating relationship"). If the ALJ believes that additional treatment notes exist, she should seek

them on remand.[3]

---

[3] At the hearing, the plaintiff's attorney said he "[did]n't believe" he had medical records from Dr. Amin
because "[h]e retired." (Tr. 28.)

The ALJ gave "little weight" to Dr. Lewis' opinion, finding that her treatment notes were "inconsistent with her assessment;" the ALJ cited the notes in which Dr. Lewis wrote that the plaintiff lived independently, left his house to shop, spoke frequently with friends, made efforts to reconnect with old friends and went on dates. (Tr. 16-17.) The ALJ also noted that the treatment notes "indicate that the anxiety and panic attacks are well controlled with medication," and "document mostly normal mental status examination signs." (*Id.*)

While Dr. Lewis did note that the plaintiff's symptoms "continue to be addressed and are improving" and that he was "doing well," additional notes from June of 2017 until May of 2018, which the ALJ did not cite in her decision, lend support not only to Dr. Lewis' findings, but to Dr. Amin's as well.[4] (Tr. 292-305.) For example, in notes from several visits Dr. Lewis described the plaintiff's mood as "depressed" and "anxious" and his "cognitive functioning" as "diminished" (Tr. 295, 299, 303), in May of 2018 she recorded the plaintiff's complaint about his medication (Tr. 300), and in March of 2018 she wrote about the plaintiff's "medical crisis" that left him unable to "get up for 3 months" (Tr. 304). On remand, the ALJ should consider the entirety of Dr. Lewis' records, and seek clarification if there are discrepancies. *See McGill v. Saul*, No. 18-CV-6430, 2020 WL 729774, at *4 (E.D.N.Y. Feb. 13, 2020) ("The ALJ, while acknowledging that [two doctors] were Plaintiff's treating physicians, accorded 'partial weight' to their opinions because they 'did not provide any basis or reasoning to support their respective opinions.' However, since the ALJ deemed the treating physicians' opinions lacking in support, the ALJ should have sought clarification from them regarding the deficiencies she perceived in their opinions. . . . The ALJ is not permitted to cherry pick from the treatment record only evidence that is inconsistent with the treating source's opinion in order to conclude that the

---

[4] It is not clear from the record when these records were submitted, or whether the ALJ considered them.

opinion should be accorded less weight.") (quoting the record) (citations and quotation marks omitted); *Sena v. Berryhill*, No. 17-CV-912, 2018 WL 3854771, at *9 (D. Conn. Aug. 14, 2018) ("It is well-settled that an ALJ may not 'cherry-pick' evidence by 'improperly crediting evidence that supports findings while ignoring conflicting evidence from the same source.'") (quoting *Rodriguez v. Colvin*, No. 13-CV-1195, 2016 WL 3023972, at *2 (D. Conn. May 25, 2016)).

In making her decision, the ALJ emphasized the plaintiff's testimony as well as his work history. While both are relevant factors, the ALJ in effect substituted her own judgment for the medical opinions of the plaintiff's doctors. *See Quinto v. Berryhill*, No. 17-CV-24, 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017) ("An ALJ is prohibited from 'playing doctor' in the sense that an ALJ may not substitute his own judgment for competent medical opinion."); *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x 119, 121 (2d Cir. 2018) (summary order) ("Neither the trial judge nor the ALJ is permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion. While a physician's opinion might contain inconsistencies and be subject to attack, a circumstantial critique by non-physicians, however thorough or responsible, must be overwhelmingly compelling in order to overcome a medical opinion.") (quoting *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000)) (citations, quotation marks and alterations omitted).

## II.    Listings Analysis

The plaintiff challenges the ALJ's determination that the plaintiff's severe impairments did not meet or equal listing 12.04. (ECF No. 15 at 14-23); *see* 20 C.F.R. § 404, Subpt. P, App'x 1. On remand, the ALJ should reconsider whether the plaintiff meets the listing requirements.

When an ALJ finds that a claimant has a medically determinable impairment that is "severe," the ALJ must determine whether the identified "impairment(s) meets or equals a listed

impairment in appendix 1." 20 C.F.R.§ 404.1520(a)(4)(iii). Each impairment in appendix 1 "is sufficient, at step three, to create an irrebuttable presumption of disability" under the Social Security regulations. *DeChirico v. Callahan*, 134 F.3d 1177, 1180 (2d Cir. 1998); *see* 20 C.F.R. §§ 404.1520(d) ("If you have an impairment(s) which . . . is listed in appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience.").

Listing 12.04 covers depressive, bipolar and related disorders. 20 C.F.R. § 404, Subpt. P, App'x 1. In order to meet this listing, a claimant's conditions must satisfy the criteria in paragraph A and either paragraph B or C of the listing. Under paragraph A, a finding of depressive disorder requires medical documentation of five or more of the following: depressed mood; diminished interest in almost all activities; appetite disturbance with change in weight; sleep disturbance; observable psychomotor agitation or retardation; decreased energy; feelings of guilt or worthlessness; difficulty concentrating or thinking; or thoughts of death or suicide. Under paragraph B, there must be "[e]xtreme limitation of one, or marked limitation of two, of the following areas of mental functioning:" understanding, remembering or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself. For paragraph C, there must be "a medically documented history of the existence of the disorder over a period of at least 2 years," as well as evidence of both "medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder" and "marginal adjustment."

The ALJ assumed that the paragraph A criteria were met,[5] but found that neither the paragraph B or C criteria were satisfied. According to the ALJ, the plaintiff had only "mild" limitations in "understanding, remembering, or applying information" and "adapting or managing oneself," and "moderate" limitations in "interacting with others" and "concentrating, persisting, or maintaining pace." (Tr. 14.) The ALJ also found that there was no evidence to satisfy the paragraph C criteria, because the plaintiff had no extended episodes that required hospitalization, no inability to function outside of a highly supportive living arrangement, and there was no indication that a change in schedule would cause the plaintiff to decompensate. (Tr. 14-15.)

In making this determination, the ALJ cited Dr. Lewis' treatment notes, but did not address Dr. Lewis' opinion or Dr. Amin's opinion about the plaintiff's condition. Had she given controlling weight to these opinions, she probably would have found that the plaintiff's impairments met listing 12.04. Dr. Lewis opined that the plaintiff had marked limitations in areas pertinent to the paragraph B criteria—understanding and memory, sustained concentration and persistence, social interactions and adaptation.[6] (Tr. 277-280.) Additionally, the record documents the plaintiff's long history of major depressive order (*see* Tr. 231, 241, 281) and his ongoing medical treatment, including mental health therapy that eased his symptoms (*see* Tr. 241, 245, 250, 255-56, 261, 265). Dr. Lewis also opined that the plaintiff had marginal adjustment (Tr. 281), which is sufficient to satisfy the paragraph C criteria. On remand, the ALJ should re-evaluate the weight the physicians' opinions merit, and whether the plaintiff's

---

[5] Dr. Lewis opined that the plaintiff suffered from difficulty thinking or concentrating, decreased energy, sleep disturbance, psychomotor agitation or retardation and a pervasive loss of interest in almost all activities. (Tr. 275-77.) The defendant does not contest that the paragraph A criteria were satisfied.
[6] Within some of these areas of functioning, Dr. Lewis opined that the plaintiff was moderately limited in some respects, and markedly limited in others.

impairments meet listing 12.04.  *See Wong v. Astrue*, No. 06-CV-2949, 2010 WL 1268059, at

*10 (E.D.N.Y. Mar. 31, 2010) (remand required because the ALJ did not sufficiently explain

why the plaintiff did not meet or equal a listing, and the evidence suggested that the plaintiff met

the listing criteria); *David C. v. Comm'r of Soc. Sec.*, No. 19-CV-606, 2020 WL 2104733, at *10

(N.D.N.Y. May 1, 2020) ("[T]he witness testimony and the opinions from Plaintiff's treating

providers all flatly contradict the ALJ's finding that Plaintiff had only moderate limitations with

regard to social interaction and adaptation. . . . [R]emand is necessary here for the ALJ to re-

weigh the evidence, particularly the opinions of Plaintiff's treating providers, and reassess the

Listing and RFC determinations, drawing a clear link to the supporting evidence.").

## III.     Step Five Analysis

The plaintiff claims that the ALJ's analysis at step five was not supported by substantial

evidence because the hypothetical that the ALJ posed to the vocational expert did not reflect the

full extent of the plaintiff's limitations.  (ECF No. 15 at 29-33.)  "A vocational expert's

testimony does not constitute substantial evidence where the ALJ asks about a hypothetical

claimant whose limitations do not actually mirror those of the claimant."  *Baker v. Berryhill*, No.

17-CV-8433, 2019 WL 1062110, at *35 (S.D.N.Y. Feb. 19, 2019), *report and recommendation

adopted*, 2019 WL 1059997 (S.D.N.Y. Mar. 6, 2019); *see also Mancuso v. Astrue*, 361 F. App'x

176, 179 (2d Cir. 2010) (the Commissioner may rely on a vocational expert's opinions

concerning a hypothetical claimant so long as the ALJ's hypothetical mirrors the plaintiff's RFC

and is based on substantial evidence).  On remand, the ALJ should reassess the plaintiff's

residual functional capacity and whether the plaintiff's impairments meet the applicable listings.

If the ALJ finds that the plaintiff's limitations are different from those of the hypothetical

claimant upon whom the vocational expert made her conclusion, the ALJ should ask the vocational expert to re-evaluate the plaintiff's vocational options.

## IV. Appointment of ALJ

Citing *Lucia v. Securities and Exchange Commission*, which held that ALJs employed by the Securities and Exchange Commission are inferior officers who must be properly appointed, 138 S. Ct. 2044, 2053 (2018), the plaintiff claims that the appointment of ALJ Kim—an ALJ who does not appear to have been involved in this case—was improper. (ECF No. 20 at 29-30.) I interpret the plaintiff's argument as a challenge to ALJ Ramrup's appointment.

The plaintiff raised this argument for the first time in his opposition to the defendant's motion for judgment on the pleadings. I agree with "the vast majority of courts that have considered this issue" that "exhaustion before the ALJ is required," *Bonilla-Bukhari v. Berryhill*, 357 F. Supp. 3d 341, 351 (S.D.N.Y. 2019) (collecting cases), and I conclude that the plaintiff waived this challenge by not raising it with the ALJ or Appeals Council. *See Nestor v. Comm'r of Soc. Sec.*, No. 19-CV-580, 2019 WL 4888649, at *3 (E.D.N.Y. Oct. 3, 2019) ("[A] Social Security claimant who fails to raise an Appointments Clause challenge to an ALJ's appointment at the administrative level waives this challenge."); *Mungin v. Saul*, No. 19-CV-233, 2020 WL 549089, at *4 (D. Conn. Feb. 4, 2020) ("The plaintiff forfeited her Appointments Clause challenge by failing to raise this claim at the administrative level."); *Vazquez v. Comm'r of Soc. Sec.*, No. 19-CV-1613, 2020 WL 3868787, at *10 (E.D.N.Y. July 8, 2020) ("[P]laintiff has waived her present challenge to the ALJ's appointment because she failed to raise the issue before the SSA.").

## CONCLUSION

The plaintiff's motion for judgment on the pleadings is granted and the Commissioner's motion is denied. The case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

      s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      August 27, 2020